IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DON YELLOVICH, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AHOLD USA d/b/a | : | |
| GIANT FOOD STORES, INC., | : | |
| Defendant. | : | No. 14-4665 |
| | : | |

MEMORANDUM

Schiller, J.                                                             November 24, 2014

Don Yellovich commenced this action against his former employer, alleging a violation of the Rehabilitation Act (Count I), wrongful discharge (Count II), negligent misrepresentation (Count III), fraud (Count IV), promissory estoppel (Count V), and defamation (Count VI). Defendant moved to dismiss Counts II through VI. For the reasons provided below, the Court grants Defendant's motion as to Counts II, III, and VI, and denies the motion as to Counts IV and V.

I.     BACKGROUND

Plaintiff was the Lead Dairy Associate at the Giant store in Plumsteadville, Pennsylvania. (Compl. ¶¶ 4-7.) In June 2012, Plaintiff was involuntarily hospitalized for three days and diagnosed with a mood disorder. (*Id.* ¶ 8.) When Yellovich returned to work, his manager, Shelly Griffith, told Plaintiff that he could either resign or be fired. (*Id.* ¶ 12.) Defendant, through Griffith, represented to Plaintiff that if he agreed to resign, Defendant would not contest his employment benefits. (*Id.* ¶ 18.) Defendant further represented to Plaintiff that if he agreed to resign, he could reapply for a job within six months and would be rehired. (*Id.* ¶ 19.) However,

after Plaintiff resigned, Defendant contested his application for unemployment benefits. (*Id.* ¶ 20.) In addition, when Plaintiff reapplied for a job six months later, he was not rehired. (*Id.* ¶¶ 22-23.)

After leaving his position at Giant, Plaintiff applied for jobs at Home Depot and Lowe's. (*Id.* ¶ 74.) Plaintiff claims that he was "extremely well qualified for the positions" (*id.* ¶ 75) and that Lowe's was "initially quite enthusiastic about Plaintiff." (Pl.'s Mem. of Law in Opp. to Def.'s Partial Mot. to Dismiss [Pl.'s Mem.] at 10.) However, neither Home Depot nor Lowe's decided to interview Plaintiff. (Compl. ¶ 76.) Plaintiff alleges on information and belief that Home Depot and Lowe's contacted Giant, and a Giant employee defamed Plaintiff, such that neither company was interested in hiring Plaintiff. (*Id.* ¶¶ 77-78.)

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the Federal Rules of Civil Procedure impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id*. (holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit has established a two-part analysis of a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the possibility of misconduct, the complaint must be dismissed because it has alleged—but failed to show—that the pleader is entitled to relief. *Id.*

### III. DISCUSSION

#### A. Wrongful Discharge

Under Pennsylvania law, an at-will employee may bring a common law cause of action for wrongful termination only "where the termination implicates a clear mandate of public policy." *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009). According to Plaintiff, the public policy at issue in this case is "preventing employers from misusing the confidential medical information of employees." (Compl. ¶ 42.) Plaintiff avoids claiming that the relevant public

policy is preventing discrimination, because a common law suit for discrimination would be barred by the exclusivity of the Pennsylvania Human Relations Act ("PHRA"). *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 919 (Pa. 1989).

Defendant argues that the misuse of confidential medical information is not a "clear mandate of public policy" sufficient to constitute an exception to the at-will employment doctrine. The Court agrees. Pennsylvania case law has generally limited public policy exceptions to instances in which an employee was discharged for fulfilling a statutory duty or exercising a constitutional right. *See Reuther v. Fowler & Williams, Inc.*, 386 A.2d 119 (Pa. Super. Ct. 1978) (employee discharged for serving on a jury); *see also Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 898 (3d Cir. 1983) (employee discharged for refusing to participate in lobbying effort); *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363, 1365 (3d Cir. 1978) (employee discharged for refusing to take illegal polygraph test).

In most other cases, Pennsylvania courts have declined to interfere with an employer's prerogative to operate its business as it chooses. For example, in *Tourville v. Inter-Ocean Insurance Co.*, the court concluded that the plaintiff's discharge due to his hospitalization and inability to perform his job did not violate Pennsylvania public policy or demonstrate intent to harm. 508 A.2d 1263, 1265-66 (Pa. Super. Ct. 1986). Further, in this case, it is unclear that Plaintiff's medical information was confidential, as the Complaint states that he volunteered this information to Griffith. (Compl. ¶ 10.) This Court declines to create a public policy exception for wrongful termination of an at-will employee based on the misuse of medical information.

      **B.**    **Negligent Misrepresentation**

Under Pennsylvania law, negligent misrepresentation requires proof of:

    (1) a misrepresentation of a material fact;

>(2) made under circumstances in which the misrepresenter ought to have known its falsity;
>
>(3) with an intent to induce another to act on it; and
>
>(4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

*Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). Defendant argues that a promise to perform a future act is not sufficient to support a negligent misrepresentation claim. As a court in this District observed:

>At the time that a statement is made regarding what the speaker intends to do in the future, the speaker either intends at the moment to take the action he is promising or not. The speaker cannot be negligent as to his future intentions. Therefore, for a claim of negligent misrepresentation there is no exception to the rule that a misrepresentation must be of a present fact and not a future intention like there is with a claim of fraudulent misrepresentation.

*Bennett v. Itochu Int'l, Inc.*, 682 F. Supp. 2d 469, 480-81 (E.D. Pa. 2010). Likewise, "an allegation that a defendant eventually failed to complete a promise is insufficient to support a claim for negligent misrepresentation." *Jones v. Flaster/Greenberg P.C.*, Civ. A. No. 13-2771, 2013 WL 6846916, at *8 (E.D. Pa. Dec. 30, 2013). Although negligent misrepresentation has been described as a "lesser included claim of fraudulent misrepresentation," in fact it differs from fraud in that negligent misrepresentation cannot be based on a false promise. *PCR Contractors, Inc. v. Danial*, 354 S.W.3d 610, 617-18 (Ky. Ct. App. 2011); *see also Gay v. City of Wichita Falls*, Civ. A. No. 08-13-00028, 2014 WL 3939141, at *6 (Tx. App. Aug. 13, 2014) (stating that a false promise of future conduct sounds in contract, not in the tort of negligent misrepresentation). A small minority of courts have found otherwise, *see Kimmell v. Schaefer*, 224 A.D.2d 217, 218 (N.Y. App. Div. 1996), but the "great weight of authority" supports the

position taken by this District in *Flaster/Greenberg*. *See Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 21 n.1 (2d Cir. 2000).

Although Pennsylvania law is not perfectly settled on this point, this Court sees no reason to depart from the overwhelming majority of jurisdictions that do not allow claims for negligent misrepresentation to be based on false promises of future conduct. Yellovich has not briefed this point in particular, but his claim of negligent misrepresentation is based on Defendant's statement to him that he would be rehired in six months if he voluntarily resigned. (Compl. ¶ 46.) Because Yellovich bases his negligent misrepresentation claim on the failure to complete a promise, Count III is dismissed for failure to state a claim.

### C. Fraud

Under Pennsylvania law, fraud requires proof of the following elements:

> (1) a representation;
>
> (2) material to the transaction at hand;
>
> (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;
>
> (4) with the intent of misleading another into relying on it;
>
> (5) justifiable reliance on the misrepresentation; and
>
> (6) the resulting injury was proximately caused by the reliance.

*Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994). Defendant makes three main arguments for dismissing Yellovich's fraud claim. Defendant first argues that a claim of fraud cannot be premised on a future promise. Next, Defendant argues that Yellovich has not pled the elements of fraud with particularity. Finally, Defendant argues that an at-will employee is not entitled to

justifiably rely on his or her employer's promises. Each of Defendant's arguments fails, for the reasons detailed below.

### 1. *False promises to perform a future act*

Curiously, Defendant cites *Bennett* for the proposition that a statement regarding a future act cannot be a basis for a fraud claim. In holding that the plaintiffs had in fact stated a valid claim for fraud, however, the *Bennett* court acknowledged that "a statement of present intention which is false when uttered may constitute a fraudulent misrepresentation of fact." 682 F. Supp. 2d at 479 (citing *Mellon Bank Corp. v. First Union Real Estate Equity and Mortg.*, 951 F.2d 1399, 1410 (3d Cir. 1991)). By contrast, nonperformance of a promise alone does not prove the falsity of that promise. *Id.*

Here, Yellovich has alleged that Defendant's representations that it would not challenge his unemployment benefits and that it would rehire him in six months were false at the time they were made. (Compl. ¶ 58.) These allegations are sufficient to survive a motion to dismiss under *Bennett*.

### 2. *Pleading the elements of fraud with particularity*

To satisfy Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must plead either the date, place or time of the fraud, or through alternative means give precision and some measure of substantiation to its allegations. *Bennett*, 682 F. Supp. 2d at 479-80. Defendant inexplicably argues that "Plaintiff fails to identify the date, time, or speaker attributable to the alleged misrepresentations." (Def.'s Br. in Supp. of Their Partial Mot. to Dismiss Compl. Pursuant to Rule 12(b)(6) [Def.'s Br.] at 12.) On the contrary, Plaintiff alleges that on June 9, 2012, at the Giant store in Plumsteadville, Pennsylvania, Griffith made a fraudulent misrepresentation. (Compl. ¶¶ 12, 17-19.) These allegations are pled with sufficient particularity to survive a motion to dismiss.

### *3.  Justifiable reliance on promises or representations from at-will employer*

Defendant argues that Yellovich's fraud claim should fail in the context of at-will employment, because a claim that Yellovich justifiably relied on his employer's promise is merely "an attempt to convert an employment-at-will relationship into something else." (Def.'s Br. at 12.) However, the weight of authority is that an at-will employee may state a claim for fraud, even if the employer could have terminated the employee at any time. *See, e.g.*, *Ramsey v. AT&T Corp.*, Civ. A. No. 97-1301, 1997 WL 560183, at *4 (E.D. Pa. Aug. 27, 1997); *Mulgrew v. Sears Roebuck & Co.*, 868 F. Supp. 98, 104 (E.D. Pa. 1994). The non-precedential cases cited to the contrary by Defendant only address negligent, not intentional, misrepresentation. *See, e.g.*, *Brethwaite v. Cincinnati Milacron Mktg. Co.*, Civ. A. No. 94-3621, 1995 WL 232519, at *5 (E.D. Pa. 1995). This Court concludes that fraud claims may be stated in the at-will employment context because parties to at-will employment contracts have "a right to assess the risks inherent in such employment free of the distortions of tortious conduct." *Browne v. Maxfield*, 663 F. Supp. 1193, 1203 (E.D. Pa. 1987). Yellovich's fraud claim therefore survives this motion to dismiss.

### D.  **Promissory Estoppel**

In order to state a claim for promissory estoppel, the promisee must show:

> (1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee;
>
> (2) the promisee actually took action or refrained from taking action in reliance on the promise; and
>
> (3) injustice can be avoided only by enforcing the promise.

*Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000). Under Pennsylvania law, an employee may not invoke promissory estoppel against an employer for termination of an at-will employment relationship. *Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990).

Yellovich is not claiming, however, that Defendant is estopped from terminating him. Rather, Yellovich claims that (1) Defendant promised that if he resigned, Defendant would not contest his unemployment benefits, and (2) Defendant promised that he would be rehired in six months. Yellovich reasonably relied on these promises, to his detriment, and Defendant did not honor them. These allegations are sufficient to make out a prima facie case for promissory estoppel on each promise.

### E.     Defamation

Under Pennsylvania's defamation statute, a plaintiff must prove:

(1) the defamatory character of the communication;

(2) its publication by the defendant;

(3) its application to the plaintiff;

(4) the understanding by the recipient of its defamatory meaning;

(5) the understanding by the recipient of it as intended to be applied to the plaintiff;

(6) special harm resulting to the plaintiff from its publication; and

(7) abuse of a conditionally privileged occasion, if necessary.

42 Pa. Cons. Stat. § 8343. Defendant argues that Yellovich lacks a plausible claim for relief, because his allegations are merely based on "information and belief" that Defendant made defamatory statements to Home Depot and Lowe's. The Court agrees with this argument and therefore dismisses Plaintiff's defamation claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 8(a). In *Carter v. Susquehanna Regional Police Department*, the plaintiff's complaint alleged, as in this case, that her former employer had defamed her to prospective employers. Civ. A. No. 08-4764, 2009 WL 1183415, at *8 (E.D. Pa. Apr. 30, 2009). The only "information" supporting the plaintiff's "belief" was that she had not yet been offered a job by another police department. *Id*. The court ruled that the plaintiff's claim "[fell] short of even the liberal federal pleading standards," because the plaintiff did not set forth the substance of the defamatory statements, or identify the speaker or the recipients. *Id*. The court concluded that "no defendant could defend against such allegations in any meaningful way." *Id*.

Yellovich pleads his defamation claim with slightly more specificity than the plaintiff in *Carter*, but still does not state a plausible claim for relief. An essential element of pleading defamation in Pennsylvania is showing the defamatory nature of the statement(s) made. Claiming, on information and belief, only that "Defendant defamed Plaintiff" is a mere legal conclusion and does not suffice. (Compl. ¶¶ 76-78.) In this case, Yellovich does not even know whether anyone at Lowe's or Home Depot ever spoke with anyone representing Defendant, much less what was said by whom and to whom. The information that Yellovich does know—that Lowe's had been "quite enthusiastic" before deciding not to interview him—does not provide adequate suggestion of impropriety by Defendant. (Pl.'s Mem. at 10.) Although Pennsylvania courts have not spoken on this exact point, other jurisdictions agree that a defamation claim requires at least slightly more detail. *See, e.g.*, *Campbell v. Aduddell*, Civ. A. No. 11-1413, 2014 WL 4659364, at *6 (N.D.N.Y. Sept. 17, 2014) (stating that the plaintiff's

unsuccessful defamation allegations "give no indication that plaintiff has actual knowledge of any specific instance in which [the defendants] published a defamatory statement about her to anyone at any time"); *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (stating that "the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement"); *Chalk v. Bertholf*, 980 So. 2d 290, 298 (Miss. Ct. App. 2007) ("[T]he allegation that appellees made 'slanderous statements' constitutes a bare legal conclusion with no support in the complaint."). The Court dismisses Plaintiff's defamation claim as insufficient.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss. An Order consistent with this Memorandum will be docketed separately.